IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTINA L. MAY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-47

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #12); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #13); AFFIRMING NON-DISABILITY FINDING OF COMMISSIONER; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff Christina May has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. The Court presumes the parties' familiarity with the relevant facts and procedural history. The Administrative Law Judge (ALJ") found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions.

Plaintiff maintains that, in so finding, the ALJ erred: (1) by failing to find edema as a severe impairment at Step Two of the sequential evaluation; and (2) in evaluating the medical record and Plaintiff's RFC. On January 9, 2020, United States Magistrate Judge Sharon L. Ovington issued a Report and

Recommendations, Doc. #12, recommending that the Court affirm the Commissioner's non-disability finding. This matter is currently before the Court on Plaintiff's Objections, Doc. #13, to the Report and Recommendations.

In reviewing the Commissioner's decision, the Court's task is to determine whether the ALJ used the correct legal criteria and whether the non-disability finding is supported by "substantial evidence." 42 U.S.C. § 405(g); *Bowen v Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections are made. The Court must re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the Commissioner's findings are supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). In making this determination, "we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court "may not try the case *de novo* nor resolve conflicts in evidence nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record, Doc. #6, and the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, and AFFIRMS the decision of the Defendant Commissioner. Magistrate Judge Ovington properly concluded that the Commissioner's decision, that Plaintiff is not disabled, is supported by substantial evidence. Plaintiff's Objections to the Report and Recommendations, Doc. #13, are OVERRULED.

Magistrate Judge Ovington properly found that the ALJ's failure to discuss Plaintiff's diagnosis of edema in her legs is not reversible error. At Step 2, the "severity" requirement presents a "*de minimis*" hurdle. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). In this case, not only did the ALJ omit edema from the list of Plaintiff's severe impairments, but he also failed, elsewhere in his analysis,

3

to discuss any functional limitations caused by the edema. This, however, does not constitute reversible error, given the absence of any evidence to support a finding that the edema significantly limited Plaintiff's ability to do any basic work activities. Moreover, as Defendant noted, Plaintiff, on her application, did not include edema as one of the medical conditions that she felt limited her ability to work; nor did she mention it at the hearing.

With respect to Plaintiff's claim that the ALJ erred in evaluating the medical record and Plaintiff's RFC, Plaintiff objects only to the Magistrate Judge's failure to address her argument that the ALJ was not qualified to interpret Plaintiff's 2016 lumbar MRI results in functional terms. *See Smiley v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 592, 600-01 (S.D. Ohio 2013) (holding that ALJ cannot rely on his own expertise to draw an RFC determination from raw medical data). The ALJ opined that "[w]hile the claimant's pain complaints are partially supported by her medical record, neither the level of treatment she has received nor the degree of disc degeneration in either her lumbar spine or cervical spine are indicative of an inability to perform sedentary level work." Doc. #6-2, PageID##61-62.

In support of her argument, Plaintiff notes that, in February of 2017, Dr. Sandor found that her MRI results and worsening symptoms warranted a referral to a spine specialist. Nevertheless, as Magistrate Judge Ovington pointed out, Dr. Sandor did not offer any medical opinion about whether Plaintiff's condition warranted any significant work limitations. Nor did any treating physician, consulting physician or one-time examining physician. Doc. #12, PageID#1326.

4

The Magistrate Judge cited to several treatment notes from early 2017 indicating that Plaintiff had no back pain. She found that these treatment notes, plus other clinical evidence in the record showing a slight disc herniation but no nerve root compression, supported the ALJ's finding that Plaintiff retained the RFC to perform sedentary work. Moreover, the ALJ's finding was based, in part, on the medical opinions of evaluating physicians Gerald Klyop, M.D., and Dimitri Teague, M.D. Both opined that, based on their review of the medical records, Plaintiff could perform light work with a four-hour limitation on standing and walking. The ALJ, giving some deference to Plaintiff's subjective complaints, gave the physicians' opinions only partial weight, concluding instead that it was appropriate to limit Plaintiff to sedentary work with certain restrictions. Doc. #6-2, PageID#67.

In the Court's view, for the reasons cited by Magistrate Judge Ovington, the ALJ's RFC determination is supported by substantial evidence. The Court therefore affirms the non-disability finding of the Defendant Commissioner.

Judgment shall be entered in favor of the Defendant Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 12, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE